IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENDA JONES-HOYLE o/b/o TENA FOULTS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 06-1273-JTM

MEMORANDUM AND ORDER

The present matter arises on plaintiff's appeal (Dkt. No. 10) after a denial of applications made under the Social Security Act (the "Act"). For the following reasons, the court denies plaintiff's appeal.

*I. Factual Background:*

Plaintiff filed two applications for Social Security benefits. The first was an application for disability benefits under Title II of the Act and the second was an application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act. Plaintiff's applications were denied initially and upon reconsideration. Following a hearing on October 28, 2004, an administrative law judge ("ALJ") found that the plaintiff was not under a "disability" as defined in the Act. The Appeals Council of the Social Security Administration

denied plaintiff's request for a review, thus, rendering the ALJ's decision the final decision of the Commissioner.

At the time of the hearing, plaintiff was thirty-three years old, did not graduate from high school, and was unable to finish the requirements for a GED. Plaintiff previously worked as a sales clerk, assembly worker, and laundry aid. On February 28, 2005, plaintiff died of septic shock with complications of respiratory and renal failure, at the age of thirty-four.

## *II. Standard of Review:*

This court's review of the Commissioner's determination is limited. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The responsibility of this court is to determine whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Reversal is appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1114.

## *III. Conclusions of Law:*

Under 20 C.F.R. § 404.1512(a), plaintiff must demonstrate that she was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a). *See also Mathews v. Eldridge*, 424 U.S. 319, 339

(1976); *Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding the Commissioner's interpretation of the statutory definition which requires that the disability, not only the impairment, must have existed or be expected to exist for 12 months).

In demonstrating the existence of a determinable impairment lasting for a continuous period of at least 12 months, the Commissioner's regulations set forth a five-step sequential evaluation process ("SEP") which the Commissioner must use in assessing disability claims. *See* 20 C.F.R. § 404.1520 (2005). In steps 1-3, the ALJ must determine whether plaintiff is engaged in substantial gainful activity, whether she has a medically determinable impairment that is "severe" under the Act, and whether plaintiff suffers from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, supt. P, app.1. *Id*.

At step four of the process, the ALJ must address three phases in making a determination. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The first phase requires an evaluation of the claimant's residual functional capacity ("RFC"). *Id.* at 1023. The second phase entails an examination of the demands of the claimant's past relevant work. *Id*. In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*. Specific findings are required at all phases. *Id*.

A. <u>Steps One Through Three Challenge:</u>

Plaintiff argues that the ALJ erred by improperly weighing the opinions of Baseer A. Sayeed, M.D., and Jennifer Voth, LMLP, plaintiff's treating sources.

"The ALJ is required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and

3

prognosis, and any physical or mental restrictions if 'it is well supported by clinical and laboratory diagnostic techniques and . . . it is not inconsistent with other substantial evidence in the record.'"  *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quoting *Castellano v. Sect'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).  A physician's statement whether an individual is or is not able to work is a conclusion upon the ultimate issue and is not determinative, although it is evidence, the weight of which depends upon the "extent to which it is supported by scientific and competent medical findings and the extent to which it is consistent with other evidence." *Thompson v. Harris*, 508 F. Supp. 134, 139-40 (D. Kan. 1981).

With respect to Dr. Sayeed's opinion, the ALJ properly discredited the treating physician's opinion.  The ALJ determined that Dr. Sayeed's opinion, that plaintiff was severely limited by narcolepsy, was not consistent with his clinical observations and findings. Specifically, the ALJ considered that in a September 24, 2003 discharge summary, Dr. Sayeed stated that plaintiff was in a "very satisfactory" condition and did not place restrictions on her activities.  When plaintiff was re-admitted in December 2003, Dr. Sayeed noted that plaintiff responded to treatment "remarkably well" and again discharged her in satisfactory condition with no functional restrictions. Transcript, at 427.  Second, the ALJ assessed that plaintiff's hypersomnolence, *i.e.*, narcolepsy, resolved when plaintiff properly took her prescriptions.  The evidence further revealed that plaintiff's hypersomnolence resolved within the first twenty-four hours of hospitalization.

Additionally, the ALJ determined that Dr. Sayeed's finding of extreme functional limitation was inconsistent with plaintiff's admitted level of functioning.  Although Dr. Sayeed testified that plaintiff could engage in few if any activities without supervision, plaintiff admitted

4

that she drove, cooked without assistance, shopped for groceries once per week without assistance, babysat, and left her home up to two hours per day without assistance. Due to the inconsistencies with respect to Dr. Sayeed's opinion, the ALJ properly discredited the weight attributable to Dr. Sayeed's opinion.

Furthermore, the ALJ also properly determined that Ms. Voth was not an acceptable medical source. Ms. Voth submitted her opinion after examining plaintiff on one or two occasions. This relationship does not rise to the level of a treating source opinion. *See* 20 C.F.R. § 416.927 (length of treatment relationship, frequency of examinations, and nature and extent of treatment relationship relevant in determining weight given to treating source opinions).

Moreover, the ALJ found that Ms. Voth's opinion was inconsistent with other testimony and was not supported by her own findings. Specifically, Ms. Voth's January 2003 assessment of plaintiff's global functioning ("GAF") was inconsistent with a GAF assigned ten days earlier. Additionally, Ms. Voth's opinion that plaintiff suffered severe functional limitations was also inconsistent with her own observation that plaintiff was attentive, able to concentrate, and was able to care for her nephew and mother. Therefore, the court finds that the ALJ properly discredited Ms. Voth's opinion.

Finally, the court notes also that the ALJ properly weighed the opinion of Jennifer Harshbarger, M.A. As noted above, an opinion rendered by a non-acceptable medical source is afforded less deference, which the ALJ applied. *See* 20 C.F.R. § 416.913(a)(1-5). Second, the ALJ also was entitled to give greater weight to Ms. Harshbarger's assessment based on its relative consistency with the other evidence in the record. *See e.g., Hamilton v. Sect'y of Health and Human Services*, 961 F.2d 1495, 1498-1500 (10th Cir. 1992) (ALJ may rely on opinions of

examining physicians over the opinions of treating physicians where he has stated specific and legitimate reasons for rejecting the opinions of treating physicians).

*B.  Step Four Challenge – Phases Two Through Three:*

Plaintiff also argues that the ALJ erroneously formulated her RFC by omitting limitations caused by her alleged narcolepsy and migraine headaches.

The ALJ determined that plaintiff retained the RFC to perform work that was limited to lifting and/or carrying ten pounds frequently and twenty pounds occasionally, sitting for six hours in an eight-hour day, and standing or walking for six hours in an eight-hour day.  The ALJ also determined that plaintiff was required to avoid temperature extremes and respiratory irritants, that she could never climb ladders, ropes, and scaffolds, and only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl.  Plaintiff also demonstrated moderate limitations in her ability to maintain concentration and attention for extended periods, work in coordination with or proximity of others, interact appropriately with the general public, accept instructions and respond appropriately to criticism from superiors, and get along with co-workers without distracting them or exhibiting behavioral extremes.

Plaintiff first alleges that the ALJ's RFC determination did not correctly incorporate limitations to address her alleged narcolepsy.  However, the ALJ properly discredited the allegation because the record demonstrated that when plaintiff was not using drugs and was using her c-pap machine as prescribed, her narcolepsy resolved.  Furthermore, medical providers noted that when plaintiff's narcolepsy emerged, plaintiff also was engaged in drug use and/or poor compliance with her prescribed treatment for sleep apnea.  *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995) (impairments that can be controlled by medication, treatment, or surgery are

not disabling).  The court also notes that although plaintiff asserted that the ALJ did not account for limitations caused by her migraine headaches, the record demonstrated that the migraine headaches were amenable to treatment and were not of such frequency and severity as to significantly impact her ability to work beyond the limitations already included in the RFC.

As a final challenge, plaintiff argues that the record did not demonstrate that she could stay awake for eight hours per day or that she could sustain employment.  However, plaintiff bears the burden of proof in showing that she has limitations which reduce her ability to perform the full range of work-related activities.  *See* 20 C.F.R. § § 416.920(a), (e), (f); 416.945-46, 416.960.61.  For these reasons, the court denies plaintiff's appeal.

IT IS ACCORDINGLY ORDERED this 31st day of July, 2007, that plaintiff's appeal (Dkt. No. 10) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE